UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| RUTH MCCOMBS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CIVIL NO. 2:02-CV-183-PRC |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
|     Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act and for Entry of Final Judgment Order [DE 31], filed by the Plaintiff on November 16, 2004.

**PROCEDURAL BACKGROUND**

On January 25, 1996, Ruth McCombs filed an application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), alleging an onset date of April 9, 1995. The application was denied initially and again upon reconsideration. Plaintiff filed a timely request for a hearing before an Administrative Law Judge ("ALJ"), and the hearing before ALJ William J. Wilkin was conducted on June 26, 1997. On November 18, 1997, the ALJ issued a decision denying Plaintiff's claim for disability benefits, which was then appealed to the Appeals Council after which the Request for Review was denied on February 11, 1999.

On August 26, 1998, Plaintiff filed a second application for DIB and SSI benefits, alleging disability since April 5, 1995. Her application was denied initially and upon reconsideration. Plaintiff then requested a hearing, which was held before the ALJ on May 16, 2000. The ALJ denied

the Plaintiff's claim on December 21, 2000. A Request for Review was filed with the Appeals Council, and, on March 1, 2002, the Appeals Council denied the request, making the ALJ's decision the final decision of the Commissioner.

On April 26, 2002, Plaintiff filed a Complaint for judicial review with this Court, and on June 18, 2003, then Magistrate Judge Theresa L. Springmann affirmed the Commissioner's decision. Plaintiff filed a Notice of Appeal to the Seventh Circuit and Docketing Statement in a timely matter, and oral argument was held on March 2, 2004. On July 19, 2004, the United States Court of Appeals for the Seventh Circuit rendered a decision reversing the final decision of the Commissioner and remanding for further proceedings.

On November 16, 2004, Plaintiff filed a Motion for Attorney Fees Under the Equal Access to Justice Act. On November 30, 2004, the Commissioner filed a Response, arguing that the Commissioner's position was substantially justified precluding a fee award and, in the alternative, that the fees requested by Mr. Mathews are excessive. On December 29, 2004, the Plaintiff filed a Reply. This motion is now before the Court for consideration in the instant Order.

On January 11, 2006, Plaintiff filed a Motion for Attorney Fees pursuant to § 206(b)(1), and the Commissioner filed a response indicating no objection to the requested fees.

On July 26, 2006, Magistrate Judge Paul R. Cherry was added to the case.

On December 13, 2006, the Court issued an order granting the January 11, 2006 request for fees pursuant to § 206(b)(1) in the amount of $9,756.80.

## ANALYSIS

### A. Substantially Justified

The EAJA allows a prevailing plaintiff to recoup reasonable attorney fees incurred in litigation against the Commissioner of Social Security "unless the court finds that the position of the [Commissioner] was substantially justified, or that special circumstances make the award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990); *Golembiewski v. Barnhart*, 382 F.3d 721, 723-24 (7th Cir. 2004). In addition, the plaintiff must timely submit a fee application and itemized statement "to the court within 30 days of final judgment." *Golembiewski*, 382 F.3d at 724; *see also* 28 U.S.C. § 2412(d)(1)(B). In this case, the Plaintiff is the prevailing party, the application was timely filed, and there are no special circumstances. Therefore, the question remains whether the position of the Commissioner was substantially justified, and, if so, whether the fees requested are reasonable. *See* 28 U.S.C. § 2412(d)(1)(B).

The "position of the [Commissioner]" means the position of the Commissioner throughout the civil action as well as "the action or failure to act by the [Social Security Administration] upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D); *see also Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994). The Commissioner's position is substantially justified if it is "'justified in substance or in the main'–that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 556 (1988); *see also Golembiewski*, 382 F.3d at 724; *Marcus*, 17 F.3d at 1036. "'Substantially justified' does not mean 'justified to a high degree,' but rather has been said to be satisfied if there is a 'genuine dispute,' or if reasonable people could differ as to the appropriateness of the contested action." *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992) (citing

3

*Pierce*, 487 U.S. at 565). The question of substantial justification is separate and distinct from the issue of whether the decision of the ALJ was supported by substantial evidence. *Cummings v. Sullivan*, 950 F.2d 492, 498 (7th Cir. 1991). Moreover, the "district court is to make only one determination for the entire civil action." *Golembiewski*, 392 F.3d at 724 (quoting *Marcus*, 17 F.3d at 1036).

In the Seventh Circuit, the trial court must consider whether the Commissioner's pre- and post-litigation "position was grounded in (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Golembiewski*, 382 F.3d at 724 (citing *United States v. Hallmark Constr.*, 200 F.3d 1076, 1080 (7th Cir. 2000)). The Commissioner carries the burden of proof to show that her litigation position was substantially justified. *Pierce*, 487 U.S. at 565; *Golembiewski*, 382 F.3d at 724. "When the Court of Appeals reverses a decision of the Commissioner, the district court should analyze the actual merits fo the government's litigation position." *Golembiewski*, 382 F.3d at 724 (citing *United States v. Hallmark Construction Co.*, 200 F.3d 1076, 1078 (7th Cir. 2000)). In her response brief, the Commissioner argues that her position was substantially justified because, despite the Seventh Circuit's conclusion that the ALJ's credibility analysis was flawed because he failed to mention the medical and psychological evidence that contradicted his credibility finding, the Commissioner nevertheless had a reasonable basis for arguing that the ALJ's credibility analysis was adequate. Specifically, the Commissioner argues that she was substantially justified in concluding that some of the evidence was not relevant to Plaintiff's claim, that the ALJ was not required to discuss each and every piece of evidence, that the evidence cited by the Court of Appeals was neither inconsistent with the ALJ's findings nor supportive of

4

Plaintiff's allegations of disabling pain, and that the ALJ's assessment of Plaintiff's psychological problems was adequate given the minimal record evidence.

In its decision remanding this case to the agency for further proceedings, the Seventh Circuit held that the ALJ erred by failing to "mention any of the evidence contradicting his decision to discredit her subjective complaints of pain. Most notably, the ALJ's opinion includes no reference to the extensive evidence in the record showing that numerous doctors both diagnosed and treated McCombs for pain in her lower back and legs." *McCombs v. Barnhart*, 106 Fed. Appx. 480, 484 (7th Cir. 2004). Citing *Golembiewski*, the Seventh Circuit reiterated that "[a]lthough an ALJ 'need not discuss every piece of evidence in the record,' this court has noted that he also 'may not ignore an entire line of evidence that is contrary to the ruling.'" *McCombs*, 106 Fed. Appx. At 484 (*Golembiewski*, 322 F.3d at 917). The court recognized that the ALJ had identified certain evidence of record in support of his ultimate decision but that the ALJ, in violation of Social Security Ruling 96-7p, had failed to discuss the treatment records supporting Plaintiff's claims of pain.

Similarly, the Seventh Circuit held that the ALJ discussed "only the psychological evidence supporting his conclusion that her pain disorder did not render her disabled, in spite of the fact that the ALJ himself concluded that McCombs' pain disorder was her 'most limiting impairment.'" *Id*. at 485. Again, the court reasoned that it was not enough for the ALJ to identify the evidence of record in support of his conclusion but that he should have addressed the other portions of the evidence that supported Plaintiff's claim that her pain disorder limited her abilities.

As a result of this failure by the ALJ to address the contrary medical and psychological evidence, the Seventh Circuit concluded that the ALJ did not connect this evidence of record with his ultimate conclusions because he did not explain why he dismissed substantial evidence

5

corroborating the existence of Plaintiff's pain when discrediting her testimony regarding that pain. *Id*. at 485-86.  Notably, it was not the fact that the ALJ found Plaintiff's testimony incredible, a conclusion he may have been entitled to draw, but rather the ALJ's failure to explain why he discredited her testimony that led the appellate court to find legal error and to reverse the decision. *Id*. at 486 (citing *Herron v. Shalala*, 19 F.3d 329, 334 (7th Cir. 1994)).

First, the Commissioner argues that she was substantially justified in concluding that some of the evidence identified by the Seventh Circuit was not relevant to Plaintiff's claim and argues that the ALJ need not discuss each and every piece of evidence, citing *Diaz v. Chater*, 55 F.3d 300, 308 (7th Cir. 1995).  Although true that the ALJ need not discuss every piece of evidence, as noted by the Seventh Circuit, the ALJ cannot ignore an entire line of evidence that is contrary to his decision and that supports the Plaintiff's complaints. *See Golembiewski*, 322 F.3d at 917.  The Commissioner also argues that she was substantially justified in believing that the evidence cited by the Seventh Circuit was neither inconsistent with the ALJ's findings nor supportive of Plaintiff's allegations of disabling pain.  Once again, however, it was not the ALJ's ultimate decision finding Plaintiff less than fully credible that led the Seventh Circuit to reverse and remand, and, in fact, the court acknowledged that the ALJ's conclusion may have been an appropriate conclusion.  Rather, the court's concern with the ALJ's decision was that, because he had identified the objective medical evidence regarding her degenerative disc disease and pain disorder, "he had a duty to explain why he did not believe her testimony about the intensity and persistence of her pain." *McCombs*, 106 Fed. Appx. at 486.

In the same vein, the Commissioner addresses the Seventh Circuit's concern with the ALJ's one-sided treatment of the psychological evidence, arguing that the ALJ's assessment of the

6

evidence and finding of a severe impairment based on chronic pain syndrome and pain disorder associated with both a psychological disorder and a general medical condition was sufficient given the minimal evidence of record. More specifically, the Commissioner discusses in detail the evidence from Dr. Walters that the Seventh Circuit found the ALJ had failed to address, arguing that it is consistent with the ALJ's findings. As with the medical evidence, the legal shortcoming in the ALJ's decision was the failure to address the contradictory evidence to explain why he considered it and rejected it or gave it less weight than the evidence upon which he relied.

Finally, the Commissioner asserts that this Court's intermediate favorable decision constitutes a strong indicator that the Commissioner's position was, at the very least, substantially justified, summarily citing *United States v. Paisley*, 957 F.2d 1161, 1167-68 (4th Cir.), *cert. denied*, 506 U.S. 822 (1992) (holding that intermediate decisions favoring the government are "powerful" indicators "of the strength, hence reasonableness, of the ultimately rejected position"). However, the court in *Paisley* also warned that neither the ultimate rejection of the Commissioner's position on the merits nor a favorable determination on the merits at an intermediate level should be outcome determinative of the analysis of substantial justification. In this case, although the Commissioner argues that it was reasonable to have argued that substantial evidence supported the ALJ's decision, the Commissioner's position was nevertheless not substantially justified given the ALJ's legal failure to address contrary evidence.

**B.  Reasonableness of Fees**

Plaintiff requests an hourly rate for attorney work of $146.25 for work performed in 2002, $148.75 for work performed in 2003, and $151.86 for the work performed in 2004, under the EAJA, representing the cost of living adjustments allowed by statute, 28 U.S.C. § 2412(d)(2)(A)(ii), when employing the "all items" figure provided by the Consumer Price Index for the Chicago Area. Plaintiff requests compensation for time spent throughout this civil action as well as for time spent preparing the motion for fees, for a total of 127.85 attorney hours, representing 43.95 attorney hours in 2002 at $146.25/hour ($6,427.69), 51.80 attorney hours in 2003 at $148.75/hour ($7,705.25), and 24.5 attorney hours in 2004 at $151.86/hour ($3,720.57).  Plaintiff also requests 7.6 hours of paralegal and law clerk time at the rate of $95 an hour ($722.00).  Plaintiff requests costs totaling $409.18.  Therefore, the Plaintiff requests a total of $18,984.69 in her initial petition. Finally, Plaintiff requests fees for the time spent preparing her reply brief in the form of 9.5 attorney hours at $151.86/hour in 2004 ($1442.67).  Therefore, the total fee request is $20,427.36.

The Commissioner objects to the number of hours incurred by counsel for Plaintiff and his staff as excessive, objects to the 5.5 hours spent by Ms. Goldbloom reviewing the case and preparing Mr. Daley for argument, objects to the apparent calculation of Ms. Blaz's time at $100/hour rather than $95/hour (a difference of $38) in Plaintiff's Exhibit B, argues that much of Ms. Blaz's time is clerical in nature rather than work traditionally done by an attorney such as mailing documents, binding the appeal, and docketing various orders, and argues that $95 an hour for Ms. Blaz's time is not reasonable.

"The amount of fees awarded under [§ 2412(d)] shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded

8

in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).  The area of social security law is not itself such a specialized area of law as to generally warrant payment above the statutory rate.  *Raines v. Shalala*, 44 F.3d 1355 (7th Cir. 1995) (discussing $175.00 per hour attorney fee as the "prevailing market rate" as requested by plaintiff versus an increase in the cost of living in comparison with the statutory $75 an hour rate).

However, the Court finds that a cost of living increase of the statutory $125 hourly rate established in 1996 is reasonable.  *See Samuel v. Barnhart*, 02-C-0569, 2004 WL 1041334, *11 (E.D. Wis. April 29, 2004) (recognizing that courts in the Eastern District of Wisconsin have accepted use of the Bureau of Labor Statistics Consumer Price Index to calculate a cost of living increase from March 1996); *Holland v. Barnhart*, No. C 8398, 2004 WL 419871, *1 (N.D. Ill. Feb. 3, 2004) (finding that several courts in the Northern District of Illinois have accepted the use of the Consumer Price Index as a basis for adjusting attorney's fees to correspond with increases in the cost of living) (citing *Baker v. Barnhart*, 2003 WL 22715829, *2 (N.D. Ill. Nov. 17, 2003)).  Although the Commissioner noted some miscalculation in the hourly rate for attorney work proposed by Plaintiff, it appears that any such conflict has been resolved by Plaintiff through the reply brief, and the Court finds that the Plaintiff's calculation of the hourly rate by year as set forth in the opening brief is acceptable.

First, the Commissioner argues that the 5.50 hours billed by Ms. Goldbloom in preparation for Mr. Daley's oral argument are redundant and should not be reimbursed.  The Commissioner does not object to the seventeen hours billed by Mr. Daley for his preparation and mock argument in

9

anticipation of oral argument before the Seventh Circuit. Unlike the case cited by the Commissioner, *United States v. Leasehold Interest in Property Located at 850 S. Maple*, 789 F. Supp. 1385, 1393 (E.D. Mich. 1992), in which the court eliminated time that four attorneys spent in consultation on a case, allowing only for the time of one attorney for the consultation, in this case, 5.5 hours spent by Ms. Goldbloom, were not redundant. The exercise of at least one, if not multiple, mock arguments prior to appellate argument is widely advocated and a standard procedure in appellate advocacy. In order for Ms. Goldbloom to have effectively and meaningfully participated in that process, she would have had to be adequately schooled in the case set for argument. The Court finds that 5.5 hours of such preparation are neither redundant nor excessive.

As for the hourly rate for law clerk and paralegal time performed in 2002 and 2003, the Court finds that $95 an hour for Ms. Blaz's duties as a law clerk with is not unreasonable given awards of similar fees in other cases within the Seventh Circuit for that time period. *See Rohan v. Barnhart*, 306 F. Supp. 2d 756, 774 (N.D. Ill. 2004); *Embry v. Barnhart*, No. 02 C 3821, 2003 WL 22478769, *3 (N.D. Ill. Oct. 31, 2003). Regarding any miscalculation of the hourly rate for Ms. Blaz's time in Exhibit B, Plaintiff correctly calculated the hourly rate for Ms. Blaz in the motion and reply, and the Court will calculate the fee award based on the $95/hour rate. The Commissioner also argues that Ms. Blaz's time was spent doing clerical work and thus should not be compensated. The Court finds that Plaintiff has adequately addressed these concerns in the reply brief.

Therefore, the Court awards attorneys fees and legal assistant fees in the amount requested by the Plaintiff of $20,427.36

## CONCLUSION

Based on the foregoing, the Court now **GRANTS** the Plaintiff's Application for Attorneys' Fees Under the Equal Access to Justice Act [DE 37] and **AWARDS** Plaintiff's counsel a total of $20,427.36 in fees and costs.  The Court further **ORDERS** that payment in the amount of **$10,670.56** be paid directly to Attorney Frederick J. Daley, Jr. in accordance with the agreement signed by Plaintiff.  This amount, **$10,670.56**, reflects the total amount of fees and costs awarded ($20,427.36) minus the amount of compensation Plaintiff's attorney received pursuant to 42 U.S.C. § 206(b)(1) ($9,756.80).  The Court further **ORDERS** that payment in the amount of **$10,670.56** be payed directly to attorney Frederick J. Daley.

SO ORDERED this 18th day of December, 2006.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:     All counsel of record